# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Breon Lewis,<br><br>              Plaintiff,<br><br>v.<br><br>Palisades Acquisition XVI, LLC,<br>and Leikin, Ingber & Winters,<br>P.C.,<br><br>              Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Defendant Leikin, Ingber & Winters, P.C.'s violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), as well as Defendant Palisades Acquisition XVI, LLC's violations of the Michigan Occupational Code, M.C.L. §339.901 *et seq.* ("MOC").

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4.      Plaintiff Breon Lewis is a natural person who resides in the County of Ionia, State of Michigan.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.      Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f).

8.      Plaintiff is a "consumer" as defined by M.C.L. § 339.901(f).

9.      Defendant Palisades Acquisition XVI, LLC ("PAX") is a foreign limited liability company, formed under the laws of the State of Delaware.

10.      Defendant PAX is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.      Defendant PAX is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

12.   Defendant PAX is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

13.   Defendant PAX is not licensed by the State of Michigan to collect consumer debt in Michigan.

14.   Defendant PAX and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

15.   Defendant PAX uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

16.   Defendant PAX regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   Defendant Leikin, Ingber & Winters, P.C., ("LIW") is a domestic professional service corporation with its principal place of business located at 3000 Town Center # 2390, Southfield, Michigan 48075.

18.   Defendant LIW uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

19.   Defendant LIW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant LIW is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant LIW and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

22. At all times relevant to this complaint, the Defendant LIW was and is a "person" as defined by 47 U.S.C. § 153(39).

23. At all times relevant to this complaint, the Defendant LIW has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

24. Defendant LIW at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

25. Defendant LIW at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

26. At all times relevant to this complaint, Defendant LIW has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

27.    At all times relevant to this complaint, Defendant LIW has used, controlled, and/or operated at least one "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1).

28.    At all times relevant to this complaint, Defendant LIW has used, controlled, and/or operated at least one "automatic telephone dialing system" as defined at 47 C.F.R. 64.1200(f)(2).

29.    At all relevant times, Defendant LIW and its employees and agents have acted on behalf of, and for the benefit of, Defendant PAX, or its predecessor in interest.

## FACTUAL ALLEGATIONS

30.    Sometime prior to May of 2006, Plaintiff allegedly incurred a financial obligation primarily for personal, family, or household purposes, with Discover – a "debt" as that term is defined by the FDCPA, MOC, and MCPA.

31.    Sometime prior to May of 2006, Plaintiff allegedly defaulted on his obligation to the original creditor with respect to the debt.

32.    After Plaintiff allegedly defaulted on the debt, the account was transferred, placed, moved, sold, or otherwise assigned to Defendant PAX, or its predecessor in interest, for collection.

33. On or about May 12, 2006, Defendant PAX, or its predecessor in interest, filed a civil complaint for money damages against Plaintiff in the 36th Judicial District Court. The case number assigned to this action was 06118697-GC.

34. On or about August 29, 2006, Defendant PAX, or its predecessor in interest, received a default judgment in the case against Plaintiff in the amount of $4472.51.

35. Plaintiff has not lived on American Street in Detroit, Michigan since 2010.

36. Plaintiff was unaware of any alleged debt to Defendant PAX or it's the judgment until recently, when Plaintiff received notice of Defendant PAX's Request and Writ for Garnishment that was issued by the 36th Judicial District Court on or about January 7, 2016.

37. The Request and Writ for Garnishment, dated December 28, 2015, by Defendant LIW, claims the following:

   a) "The total amount of judgment interest accrued to date is $1042.51."

   b) "The total amount of postjudgment costs accrued to date is $124.50."

c) "The amount of the unsatisfied judgment now due (including interest and costs) [i]s $5439.35."

38. Plaintiff obtained cellular telephone service for the number ending 2349 in 2015, around the time he moved to Ionia, Michigan.

39. Plaintiff's phone number, ending in 2349 is assigned to a cellular telephone service, as that term is defined at 47 U.S.C. § 227(b)(1)(a)(iii).

40. Plaintiff never gave his cellular phone number ending in 2349 to either Defendant, nor did he provide his cellular telephone number ending in 2349 to any party's predecessor in interest.

41. Since obtaining his cellular telephone ending in 2349, Plaintiff received multiple pre-recorded messages on his cell phone from Defendant LIW.

42. During multiple calls from Plaintiff LIW, when Defendant attempted to speak to a person after the recorded message stopped, the call remained live, but would not transfer to a person.

43. Defendant, at times, waited for several minutes, attempting to speak with a person when he received a call to his cellular telephone from Defendant LIW using artificial or pre-recorded voices.

44. The most recent calls from Defendant LIW to Plaintiff's cellular telephone using an ATDS and/or artificial or pre-recorded voices we placed about two or three months prior to the filing of this Complaint.

45. When Plaintiff called the number obtained from the above-referenced calls, he was connected with Defendant LIW's office.

46. The telephone calls at issue, placed to Plaintiff's cell phone, were placed by Defendant LIW using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which had, at the time of the calls to Plaintiff's cellular telephone, the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

47. Within four years immediately preceding the filing of this lawsuit, Defendant LIW telephoned the Plaintiff's cellular phone on multiple occasions using an automatic telephone dialing system.

48. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on multiple

occasions used artificial or pre-recorded voices during calls to the Plaintiff.

49. Neither defendant, nor did any predecessor in interest, ever had permission to call Plaintiff's cell phone using an "ATDS" or "autodialer."

50. Neither defendant, nor did any predecessor in interest, ever had permission to call Plaintiff's cell phone using artificial or pre-recorded voices.

51. Plaintiff attempted to explain to Defendant LIW that he had no idea what the alleged debt was for, and no knowledge of the underlying debt.

52. Plaintiff informed Defendant LIW during at least one phone call to Defendant LIW that he did not owe the alleged debt.

53. Plaintiff has, in the past, filed a police report relating to identity theft.

54. Defendant LIW told Plaintiff "it does not matter, you have to pay it" or words to that effect in response to Plaintiff's concerns and objections.

55. At all relevant times, Plaintiff has retained the right to seek bankruptcy protection under Title 11 of the United States Code.

56. On or about April 19, 2016, a Satisfaction of Judgment was filed in the underlying 36th Judicial District Court case with Defendant PAX.

57. Defendants have continued to receive garnished funds from Plaintiff after the Satisfaction of Judgment was filed in the underlying 36th Judicial District Court case.

58. As of May 12, 2016, Defendants had garnished approximately $1577.97 from Plaintiff's paychecks.

59. As of May 12, 2016, Defendant LIW claimed that Plaintiff owed $4103.86.

60. Assuming, *arguendo*, that Plaintiff was obligated by the Judgment in the underlying 36th Judicial District Court case, the amount Defendants claim as owed, as of December 28, 2015, are incorrect.

61. Assuming, *arguendo*, that Plaintiff was obligated by the Judgment in the underlying 36th Judicial District Court case, the amount Defendants claim as owed, as of May 12, 2016, are incorrect.

62. As of December 28, 2015, Defendant LIW, acting on behalf of Defendant PAX, had miscalculated the total amount of judgment interest accrued.

63. As of December 28, 2015, Defendant LIW, acting on behalf of Defendant PAX, had miscalculated the total amount of postjudgment costs accrued.

64. As of December 28, 2015, Defendant LIW, acting on behalf of Defendant PAX, had miscalculated the total amount of unsatisfied judgment due.

65. As a direct, actual, and proximate result of the acts and omissions of each Defendant, Plaintiff has suffered actual damages in the form of lost wages, lost productivity, anxiety, confusion, frustration, and anger amongst other negative emotions.

66. Plaintiff has suffered an injury in fact that is traceable to Defendant LIW's conduct, that is likely to be redressed by a favorable decision in this matter.

67. Plaintiff has suffered an injury in fact that is traceable to Defendant PAX's conduct, that is likely to be redressed by a favorable decision in this matter.

## **TRIAL BY JURY**

68. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### DEFENDANT PAX'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

71. Defendant PAX's conduct violated 15 U.S.C. § 1692d, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant PAX's debt.

72. Defendant PAX's conduct violated 15 U.S.C. § 1692d when, acting on behalf of Defendant PAX, Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

73. Defendant PAX's conduct violated 15 U.S.C. § 1692d when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

74. Defendant PAX's conduct violated 15 U.S.C. § 1692d when, acting on behalf of Defendant PAX, Defendant LIW claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

75. Defendant PAX violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

76. Defendant PAX violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt.

77. Defendant PAX's conduct violated 15 U.S.C. § 1692e when, acting on behalf of Defendant PAX, Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

78. Defendant PAX's conduct violated 15 U.S.C. § 1692e when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

79. Defendant PAX's conduct violated 15 U.S.C. § 1692e when, acting on behalf of Defendant PAX, Defendant LIW claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

80.   Defendant PAX violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the character of Plaintiff's alleged debt.

81.   Defendant PAX violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the amount of Plaintiff's alleged debt.

82.   Defendant PAX violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the legal status of Plaintiff's alleged debt.

83.   Defendant PAX's conduct violated 15 U.S.C. § 1692e(2)(a) when, acting on behalf of Defendant PAX, Defendant LIW falsely represented that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

84.   Defendant PAX's conduct violated 15 U.S.C. § 1692e(2)(a) when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

85.   Defendant PAX's conduct violated 15 U.S.C. § 1692e(2)(a) when, acting on behalf of Defendant PAX, Defendant LIW falsely claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

86. Defendant PAX violated 15 U.S.C. § 1692e(4) through its representation or implication that nonpayment of any debt would result in the garnishment of Plaintiff's wages when such action was unlawful, when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment had been filed.

87. Defendant PAX violated 15 U.S.C. § 1692e(11) through its failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

88. Defendant PAX violated 15 U.S.C. § 1692e(11) through its failure to disclose in subsequent communications that the communication is from a debt collector.

89. Defendant PAX violated 15 U.S.C. § 1692f when it engaged in unfair or unconscionable means to attempt to collect a debt.

90. Defendant PAX violated 15 U.S.C. § 1692f(1) through the collection of an amount not authorized by law.

91. Defendant PAX's conduct violated 15 U.S.C. § 1692e when, acting on behalf of Defendant PAX, Defendant LIW claimed that Plaintiff

would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

92. Defendant PAX's conduct violated 15 U.S.C. § 1692e when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

93. Defendant PAX's conduct violated 15 U.S.C. § 1692e when, acting on behalf of Defendant PAX, Defendant LIW claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

94. Defendant PAX violated 15 U.S.C. § 1692g(a)(1)-(5) by failing to make the required disclosures within five days of the initial communication with Plaintiff.

95. As a result of Defendant PAX's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PAX.

**COUNT II.**
**DEFENDANT PAX'S VIOLATIONS OF THE**
**MICHIGAN OCCUPATIONAL CODE**
**M.C.L. § 339.901 *et seq*.**

96.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97.  The foregoing acts and omissions of Defendant PAX and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*

98.  Defendant PAX violated M.C.L. § 339.915(e) by making an inaccurate, statement or claim in a communication to collect a debt.

99.  Defendant PAX violated M.C.L. § 339.915(e) by making a misleading statement or claim in a communication to collect a debt.

100.  Defendant PAX violated M.C.L. § 339.915(e) by making an untrue statement or claim in a communication to collect a debt.

101.  Defendant PAX violated M.C.L. § 339.915(e) by making a deceptive statement or claim in a communication to collect a debt.

102.  Defendant PAX violated M.C.L. § 339.915(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

103. Defendant PAX violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Defendant.

104. Defendant PAX violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt.

105. Defendant PAX violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant PAX's employees.

106. As a result of Defendant PAX's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant PAX.

## COUNT III.
## DEFENDANT LIW'S VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108.   The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

109.   Defendant LIW's conduct violated 15 U.S.C. § 1692d, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of the debt.

110.   Defendant LIW's conduct violated 15 U.S.C. § 1692d when Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

111.   Defendant LIW's conduct violated 15 U.S.C. § 1692d when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

112.   Defendant LIW's conduct violated 15 U.S.C. § 1692d when it claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

113.   Defendant LIW violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

114. Defendant LIW violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt.

115. Defendant LIW's conduct violated 15 U.S.C. § 1692e, when Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

116. Defendant LIW's conduct violated 15 U.S.C. § 1692e when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

117. Defendant LIW's conduct violated 15 U.S.C. § 1692e when it claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

118. Defendant LIW violated 15 U.S.C. § 1692e(2)(a) when Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

119.  Defendant LIW violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the character of Plaintiff's alleged debt.

120.  Defendant LIW violated 15 U.S.C. § 1692e(2)(a) when it claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

121.  Defendant LIW violated 15 U.S.C. § 1692e(2)(a) when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

122.  Defendant LIW violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the amount of Plaintiff's alleged debt.

123.  Defendant LIW violated 15 U.S.C. § 1692e(2)(a) by making a false, representation as to the legal status of Plaintiff's alleged debt.

124.  Defendant LIW violated 15 U.S.C. § 1692e(4) through its representation or implication that nonpayment of any debt would result in the garnishment of Plaintiff's wages when such action was unlawful, when Defendant LIW continued to garnish Plaintiff's wages after a Satisfaction of Judgment had been filed.

125.  Defendant LIW violated 15 U.S.C. § 1692e(11) through its failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is

oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

126. Defendant LIW violated 15 U.S.C. § 1692e(11) through its failure to disclose in subsequent communications that the communication is from a debt collector.

127. Defendant LIW violated 15 U.S.C. § 1692f when it engaged in unfair or unconscionable means to attempt to collect a debt.

128. Defendant LIW's conduct violated 15 U.S.C. § 1692f when Defendant LIW claimed that Plaintiff would "have to pay [the debt]" or words to that effect, when Plaintiff had, at all relevant times, the right and ability to seek bankruptcy protection under Title 11 of the United States Code.

129. Defendant LIW's conduct violated 15 U.S.C. § 1692f when it continued to garnish Plaintiff's wages after a Satisfaction of Judgment was filed.

130. Defendant LIW's conduct violated 15 U.S.C. § 1692f when it claimed Plaintiff still owed money after a Satisfaction of Judgment was filed.

131.  Defendant LIW violated 15 U.S.C. § 1692f(1) through the collection of an amount not authorized by law by.

132.  Defendant LIW violated 15 U.S.C. § 1692g(a)(1)-(5) by failing to make the required disclosures within five days of the initial communication with Plaintiff.

133.  As a result of Defendant LIW's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant LIW.

**COUNT IV.**
**DEFENDANT LIW'S VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L § 445.251 *et seq.***

134.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

135.  The foregoing acts and omissions of Defendant LIW and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*

136. Defendant LIW violated M.C.L. § 445.252(e) by making an inaccurate statement or claim in a communication to collect a debt.

137. Defendant LIW violated M.C.L. § 445.252(e) by making a misleading statement or claim in a communication to collect a debt.

138. Defendant LIW violated M.C.L. § 445.252(e) by making an untrue statement or claim in a communication to collect a debt.

139. Defendant LIW violated M.C.L. § 445.252(e) by making a deceptive statement or claim in a communication to collect a debt.

140. Defendant LIW violated M.C.L. § 445.252(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

141. Defendant LIW violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Plaintiff.

142. Defendant LIW violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

143. Defendant LIW violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by its employees.

144. As a result of Defendant LIW's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant LIW.

**COUNT V.**
**DEFENDANT LIW'S VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *et seq.***

145. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

146. Within the four-year period immediately preceding this action, the Defendant LIW made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

147. Within the four-year period immediately preceding this action, the Defendant LIW made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the Plaintiff's cellular telephone using an artificial

or prerecorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

148. The acts and/or omissions of Defendant LIW at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

149. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant LIW at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

150. Defendant LIW did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

151. Defendant LIW did not have the prior express consent of Plaintiff to use artificial or pre-recorded voices to call the Plaintiff's cellular telephone.

152. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

153.   Defendant LIW willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

154.   Plaintiff is entitled to injunctive relief prohibiting Defendant LIW from contacting the Plaintiff on his cellular phone using an automated dialing system or artificial or pre-recorded voices pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.
### DEFENDANT PAX'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PAX and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant PAX and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant PAX and for Plaintiff.

## COUNT II.
## DEFENDANT PAX'S VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant PAX and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant PAX and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant PAX and for Plaintiff.

## COUNT III.
## DEFENDANT LIW'S VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant LIW and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant LIW and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant LIW and for Plaintiff.

## COUNT IV.
## DEFENDANT LIW'S VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant LIW and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant LIW and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant LIW and for Plaintiff.

## COUNT V.
## DEFENDANT LIW'S VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant LIW and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant LIW and for Plaintiff;

- for an injunction prohibiting Defendant LIW from contacting the Plaintiff on his cellular phone using an automated dialing system or artificial or pre-recorded voices pursuant to 47 U.S.C. § 227(b)(3)(A).

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated:  May 24, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com